Moysey **NEMIROVSKY**, Plaintiff,

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 98–CV–4490.

United States District Court, E.D. New York.

June 22, 2000.

Moysey Nemirovsky, Brooklyn, NY, Pro se.

Herbert Samuel Forsmith, Herbert S. Forsmith, New York City, for Plaintiff.

Stanley N. Alpert, United States Attorney's Office, Civil Division, Brooklyn, NY, for Defendant.

## ORDER

GERSHON, District Judge.

Plaintiff brings this action to review the final decision of the Commissioner of Social Security, denying his application for Supplemental Security Income ("SSI"). For the reasons outlined below, this case is hereby remanded to the Commissioner for further proceedings.

■ In his decision, Administrative Law Judge ("ALJ") Randall Moon stated that he was bound by an earlier ALJ's decision that plaintiff's previous work was sedentary. The Commissioner admits that I cannot determine whether preclusion was appropriate because the previous ALJ decision has not been made a part of the record in this case.

The Commissioner has argued that I still can sustain ALJ Moon's finding that plaintiff's past work was sedentary as long as it is supported by substantial evidence. Based on ALJ Moon's reference to collateral estoppel, however, it is unclear whether he independently evaluated the exertional requirements of plaintiff's past relevant work, and I do not have the authority to conduct a *de novo* review of the evidence. As a result, the case must be remanded for the ALJ to *independently* evaluate the evidence as to whether plaintiff's past work was sedentary.

During this independent evaluation, ALJ Moon should re-examine his initial credibility determinations and, in particular, consider whether plaintiff's inability to speak, write or understand English explains the inconsistency between his testimony at the hearing and the two written disability reports. Although before the hearing, plaintiff had twice described his job as requiring no walking or standing, in both instances, these descriptions were provided on forms, which were written in English and which must have been filled out by someone other than plaintiff. In light of these circumstances, ALJ Moon should reconsider whether the inconsistencies alone can constitute substantial evidence that would justify disbelieving plaintiff's testimony. *See Gambarian v. Shalala*, 21 F.3d 1113, 1994 WL 114612, *6 n. 2 (9th Cir.1994) (form that reflected inconsistent information about plaintiff's prior employment experience in Russia could not support ALJ's credibility determination where form had been filled out by English-speaking interviewer on behalf of non-English-speaking plaintiff).

■ In addition, even if plaintiff's past relevant work was sedentary, the ALJ also specifically found that that job required plaintiff to lift up to 10 pounds. However, there is not substantial evidence to support the ALJ's conclusion that plaintiff is able to lift up to 10 pounds, and, therefore, the ALJ's determination that plaintiff is able to perform his past work cannot be sustained. Plaintiff's treating physician, Dr. Levin, opined that plaintiff is able to lift up to five pounds. That opinion is entitled to controlling weight as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). In this case, the consult-

ing physician, Dr. Seidman, stated that plaintiff is limited to "light or moderate" lifting. Such vague language cannot constitute the substantial evidence that is necessary to override the opinion of plaintiff's treating physician. *See Curry v. Apfel,* 209 F.3d 117, 2000 WL 358549, *5 (2d Cir.2000). Nor can the assessment prepared by the regional consultant who never personally examined plaintiff. *See Filocomo v. Chater,* 944 F.Supp. 165, 170 n. 4 (E.D.N.Y.1996) (conclusions of physician who merely reviews a medical file and performs no examination are entitled to "little if any weight"). Thus, there is not substantial evidence in the record that would justify rejecting Dr. Levin's well-supported opinion that plaintiff can lift only five pounds.

Therefore, assuming that on remand the ALJ concludes either (1) that plaintiff's past relevant work was sedentary and that it required him to lift up to 10 pounds or (2) that plaintiff's past relevant work was light, then the ALJ must proceed to the fifth step in the evaluation process and determine whether there is other work available in the United States economy that plaintiff is able to perform. If the ALJ determines—based on substantial evidence in the record—that plaintiff's past relevant work was sedentary but that it only required him to lift up to five pounds, only then could the ALJ's finding that plaintiff is able to perform his past relevant work be sustained.

SO ORDERED.